THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO APARICIO<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [48] DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 1:18-cr-89<br><br>District Judge David Barlow |

This matter is before the court on Defendant Francisco Aparico's Motion for Early Termination of Supervised Release.[1] The government[2] and probation oppose the Motion. For the reasons discussed below, the court denies the Motion.

On April 30, 2019, Mr. Aparico was sentenced to 60 months imprisonment and 48 months supervised release for the offense of Possession of Methamphetamine with Intent to Distribute. On December 13, 2022, the defendant was released from the Bureau of Prison's custody to begin his term of supervised release.

On April 9, 2024, Mr. Aparicio admitted to two supervised release violations involving domestic violence in the presence of a child and child abuse with injury. Mr. Aparicio, the government, and Probation all recommended that he be sentenced to a term of supervised release of 35 months. He was sentenced accordingly.

---

[1] ECF No. 48.
[2] ECF No. 49.

In his Motion, Mr. Aparicio recounts his conduct during the time since he was "returned to the community." He notes fulltime employment, strong family support, parenting his children, completion of drug treatment while at a halfway house, and the lack of any positive drug tests during supervised release. These are all very positive steps.

Mr. Aparicio does not acknowledge or discuss the domestic violence or child abuse which he committed during the term of his supervised release. Supervised release violations do not categorically prevent early termination of supervised release, though they obviously make it much less likely. But Mr. Aparicio's violations were very serious. Additionally, the event in question involved intoxication. So while Mr. Aparicio has not had a positive drug test, he has been under the influence of alcohol in an incident that involved violence.

18 U.S.C. § 3583(e) permits the court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court considers the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Initially, the court notes that Mr. Aparicio's conduct on supervised release, while generally positive, is significantly marred by the serious violations previously detailed. Those violations are serious enough for the court to consider that his conduct does not warrant early termination of supervised release. He was granted supervised release, but narrowly avoided more jail time.

Mr. Aparicio also does not reference or analyze the § 3553(a) factors. Considering these factors, the court finds that early termination of Mr. Aparicio's supervised release would not be

appropriate. The nature of his underlying offense, possession of meth with intent to distribute, is serious. As to Mr. Aparicio's history and characteristics, he has a number of prior state convictions involving drugs and weapons. As noted earlier, his supervised release time has been generally good, with one very glaring and important exception. Regarding specific and general deterrence, these factors weigh against early termination. Completing the term of supervised release—which has not been free from violations—supports deterrence at both the individual and more general level. It will also support rehabilitation, since Mr. Aparicio was intoxicated at the time of his violations last year. Finally, on this record, continuing supervised release is much more supportive of promoting respect for the law and providing a just punishment for the offense. The underlying offense here and its circumstances showed no respect for the law. The violations during the term of supervised release also undermine these two factors.

In sum, an early termination of supervised release is not supported by the § 3553(a) factors and is not in the interests of justice.

It is therefore ORDERED that the Motion for Early Termination of Supervised Release is DENIED.

DATED this 27th day of March 2025.

BY THE COURT:

_____
David Barlow
United States District Judge

3